**HONG LAN, Petitioner,**

v.

**Loretta E. LYNCH,[1] United States Attorney General, Respondent.**

**No. 13–1069.**

United States Court of Appeals, Second Circuit.

April 22, 2016.

1. Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**128**

Joan Xie, New York, NY, for Petitioner.

Stuart F. Delery, Assistant Attorney, General; Luis E. Perez, Assistant Director; Timothy B. Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, BARRINGTON D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Hong Lan, a native and citizen of China, seeks review of a March 25, 2013, decision of the BIA denying her motion to reopen. *In re Hong Lan,* No. A096 260 179 (B.I.A. Mar. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

It is undisputed that Lan's motion was untimely because it was filed approximately eight years after the agency's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). There is no time limit, however, for moving to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Lan failed to demonstrate a material change in conditions in China. First, Lan's new political activities are a change in her personal circumstances and do not provide an exception to the time to reopen. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006); *Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008).

Second, Lan failed to present evidence of former conditions as required to establish a change in conditions. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S–Y–G–,* 24 I. & N. Dec. 247, 253 (BIA 2007); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the BIA found, the record is devoid of evidence concerning China's treatment of members of the Democratic Party of China ("DPC") in 2003,

when Lan's merits hearing was held. Although Lan now argues that the "White Paper on the Construction of Democratic Politics in China" shows changed conditions, this document is not included in the record. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall ... be supported by affidavits or other evidentiary material."); *see also* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based"). Because the record lacks the documents needed for a comparison of country conditions between 2003 and 2011, the BIA did not abuse its discretion in denying Lan's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c).

Additionally, the evidence in the record shows a continuing government policy of restricting the DPC's activities—as opposed to a change in conditions. Lan does not dispute this and stated in her new asylum application that the "Chinese government [had] violently suppressed [the DPC]" since its creation in 1998.

Because the timeliness ruling is dispositive, we do not reach the issue of whether Lan established *prima facie* eligibility for asylum. *INS v. Bagamasbad,* 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).